# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Ashley Watson<br><br>  Plaintiff,<br><br>v.<br><br>Medicredit, Inc.<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Ashley Watson, ("Ashley"), is a natural person who resided in Lutz, Florida, at all times relevant to this action.

2. Defendant, Medicredit, Inc., ("Medicredit"), is a Missouri Corporation that maintained its principal place of business in Columbia, Missouri, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA.  S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir.

2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Medicredit uses a predictive dialer system.

7. Before Medicredit began contacting Ashley, it and Ashley had no prior business relationship and Ashley had never provided express consent to Medicredit to be contacted on her cellular telephone.

8. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Medicredit's revenue is debt collection.

10. Medicredit is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, Medicredit contacted Ashley to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Ashley is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, Medicredit willingly and knowingly used an automatic telephone dialing system to call Ashley on her cellular phone multiple times in violation of the TCPA.

15. Around November 2013, Medicredit began contacting Ashley on Ashley's cellular phone in an attempt to collect a debt for another individual.

16. During one communication, around November 2013, Ashley notified Medicredit that Ashley was not the individual Medicredit was looking for.

17. In addition, Ashley communicated her desire that Medicredit cease calling her.

18. Medicredit told Ashley that Medicredit would remove Ashley's phone number from Medicredit's call list, which was a misrepresentation as evidenced by the fact that Medicredit continued to call Ashley on Ashley's cellular phone in connection with the collection of the debt including as recent as July 2014.

19. On more than one occasion, Ashley communicated her desire that Medicredit cease calling her.

20. Medicredit caused Ashley emotional distress.

21. Medicredit attempted to collect a debt from Ashley.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 21 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 21 above as if fully set forth herein.

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 21 above as if fully set forth herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 21 above as if fully set forth herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT SIX

### Violations of the Florida Consumer Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 21 above as if fully set forth herein.

33. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

34. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

35. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

36. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

                          RESPECTFULLY SUBMITTED,


                          By:   /s/ H. Karen Gatto
                          One of Plaintiff's Attorneys

                          *Of Counsel*
                          H. Karen Gatto, Esq.
                          Florida Bar No. 0190527
                          Hyslip & Taylor, LLC, LPA
                          8270 Woodland Center Blvd.
                          Tampa, FL 33614
                          Phone: 800-675-5507
                          Email: Kgatto@gattolaw.com


Date: January 19, 2015